*Decision will be entered under Rule 50.*

MAXWELL GOLDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

F. L. CORNWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAM HAMBURG, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30302, 30303, 30304. Promulgated November 25, 1931.

*Rhodes E. Cave, Esq.,* for the petitioners.
*John H. Pigg, Esq.,* for the respondent.

OPINION.

MARQUETTE: Section 280 (a) (1) of the Revenue Act of 1926 provides for collection of income tax from the transferee of property of the original taxpayer. Petitioners contend that that section is in violation of the Constitution. Their contention has been decided, adversely to them, in *Phillips* v. *Commissioner*, 283 U. S. 589.

The record shows that petitioner Sam Hamburg, Jr., was not a transferee, as he owned none of the capital stock and received none of the assets of the Maxwelton Amusement Company when its final liquidating dividend was distributed in 1923. But the other petitioners were stockholders and received their pro rata share of the company's assets. Therefore, if the notices of liability were timely sent to petitioners Goldman and Cornwell, they are liable severally under section 280 (a) (1) of the Revenue Act of 1926 for the full amount of the deficiency against the Maxwelton Amusement Com-

pany, to the extent of the assets of the corporation received by them. *Phillips* v. *Commissioner, supra; Grand Rapids National Bank*, 15 B. T. A. 1166.

The deficiency here involved relates to income taxes for 1920 under the Revenue Act of 1918. By section 277 (a) (3) of the Revenue Act of 1926 it is provided that income taxes under the 1918 Act shall be assessed within five years after the tax return was filed. In the present instance the Maxwelton Amusement Company filed its return for 1920 on April 9, 1921. Within five years thereafter, on February 25, 1926, the respondent mailed to the company a notice of deficiency. Under section 274 (a) and section 277 (b) of the Revenue Act of 1926 the running of the five-year period of limitations as to assessments was suspended for 120 days from the date of mailing of the deficiency notice, or, in these proceedings, until June 25, 1926. Here, the assessment was made in May, 1926. Section 280 (b) (1) and (d) of the Revenue Act of 1926 limits the assessment of liability against a transferee to one year after the expiration of the period of limitation for assessment against the original taxpayer and suspends the operation of the statute of limitation for 120 days from the date of the mailing of notice of liability to the transferee.

The assessment against the corporation was made within the time prescribed by statute and notices of liability as transferee were mailed to these petitioners on June 13, 1927, which was within one year after the expiration of the period of limitation for assessment against the corporation. Within sixty days after June 13, 1927, the petitioners filed their petitions with this Board. In view of these facts it is clear that the bar of the statute of limitations does not operate as to petitioners Maxwell Goldman and F. L. Cornwell. Cf. *Moritz Hilder*, 17 B. T. A. 1189. We therefore hold that petitioners Goldman and Cornwell are liable as transferees of the assets of the Maxwelton Amusement Company to the extent of the assets of said company received by them, and that the petitioner Sam Hamburg, Jr., is not liable as such transferee.

*Decision will be entered under Rule 50 in Docket Nos. 30302 and 30303. Decision of no liability will be entered in Docket No. 30304.*